UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR LAMAR BROWN,

                            Plaintiff,

              -against-

THE CITY OF NEW YORK, THE COUNTY
OF NASSAU, CHARLTON LEMON,
*individually and in his official capacity*,
JOHN DOES 1-4, *individually and their
official capacity*,

                            Defendants.
------------------------------------------------------------X

**ORDER**
24 CV 6498 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

        On September 16, 2024, plaintiff Arthur Lamar Brown ("plaintiff"), proceeding *pro se* and currently incarcerated at Attica Correctional Facility, filed this action alleging civil rights violations against the City of New York; the County of Nassau; New York City Department of Corrections ("NYC DOC") Chief of Security Charlton Lemon; John Doe #1, identified as the relevant decision maker who decided to alternatively house plaintiff at the Nassau County Correctional Center ("NCCC"); John Doe #2, identified as the NYC DOC Commissioner; John Doe #3, identified as the Warden/Superintendent of the NCCC; and John Doe #4, identified as the S.H.U. Sergeant at the NCCC (collectively, "defendants"). (ECF No. 1). Defendant Lemon and the four John Doe defendants are sued individually and in their official capacity. (Id.) Plaintiff also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the "IFP Motion"). (ECF No. 2).

        Upon review of the financial declaration submitted with the IFP Motion, this Court determines that IFP status is warranted here because plaintiff "cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and

1

dependents with the necessities of life." Rader v. Plan Adm'r for Comprehensive Med. Plan of Dun & Bradstreet Com., No. 10 CV 6035, 2011 WL 52367, at *1 (E.D.N.Y. Jan. 5, 2011). The Court also concludes, upon review of the Complaint, that the action should not be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), as the claims are not based on an "indisputably meritless legal theory," nor is there any reason to believe that the factual contentions are "clearly baseless." Bussie v. IRS Commissioner, No. 16 CV 7006, 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)).

The Complaint alleges that the John Doe defendants were employed by or affiliated with either the New York City Department of Corrections or the Nassau County Correctional Center, and that, along with defendant Lemon, John Does #1-4 were the relevant decision makers responsible for plaintiff being temporarily assigned to alternative housing in the NCCC's S.H.U. for 180 days, from July 19, 2021 until plaintiff was discharged back into the custody of the NYC DOC on January 14, 2022. (ECF No. 1 at 1-3). However, without further identifying information, the United States Marshals Service will not be able to serve these John Doe defendants. This problem encountered by plaintiff is a common one, as it is frequently difficult for a *pro se* litigant to identify individual correctional officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

Therefore, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted;

2. Service of a copy of this Order, together with a summons and a copy of the Complaint, shall be made upon the Corporation Counsel for the City of New York, Special Federal Litigation Division, the Litigation and Appeals Bureau of the Nassau County Attorney's Office, and individual defendant Charlton Lemon;

3. Within forty-five days of the date of this Order, Corporation Counsel and the Nassau County Attorney's Office shall identify the four individuals described in the Complaint and provide the addresses where these defendants can currently be served, and serve a copy of the same on plaintiff;[1] and,

4. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name and shield number of these Officers, a summons shall be issued, and the Court shall direct service on these defendants without prepayment of fees via the United States Marshals.

Plaintiff is required to advise the Clerk of Court in writing of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case. For information regarding court procedures, plaintiff may contact the *Pro Se* Office at the United States Courthouse by calling (718) 613-2665. The Clerk of Court is respectfully directed to send a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: Brooklyn, New York
October 8, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[1] Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.